# CIRCUIT COURT OF AMHERST COUNTY

Barbara M. Feller

    v.

Marie M. Hild et al.

December 10, 1999

Case No. CH 7924

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to render the decision of the Court in the above matter. In this regard, I dismiss the cause of action alleged by the plaintiff for wrongful conversion of the plaintiff's funds because it is barred by the two year statute of limitations under § 8.01-243(A) of the Code of Virginia. Further, I dismiss the claim of the plaintiff which alleges that Marie Hild effected a fraudulent conveyance of the real estate containing 445 acres because it is also barred by the two year statute of limitations under § 8.01-243(A) of the Code of Virginia. I dismiss the claim of the plaintiff for a common law accounting by Marie Hild because the plaintiff lacks standing to assert this claim.

Notwithstanding the above rulings, the Commissioner of Accounts has not approved the accounting that was filed by Marie Hild. Thus, the issue of the accounting rejected by the Commissioner of Accounts is properly before the Court. Upon a review of this accounting, I find that Marie Hild should be surcharged for the sum of $5,309.24. Except for the payment of this surcharge, the accounting is otherwise approved.

I will briefly set forth the reasons for these rulings below.

The bill of complaint alleges that, prior to the appointment of Marie Hild as guardian of the estate of her mother, Marie Hild had control of funds of the plaintiff totaling approximately $35,000.00. She alleges that these funds have

not been returned. Although "conversion" is not specifically alleged, the obvious intent of these allegations is to suggest that Marie Hild converted $35,000.00 of the funds of the plaintiff. In 1990, the plaintiff wrote a letter to Marie Hild making demands of these funds. Thus, the two year statute of limitations would have begun to run on the date of the letter, December 21, 1990. The suit was filed four and one-half years after the expiration of the statute of limitations. At best, she had a statute of limitations of two years pursuant to § 8.01-243(A) of the Code of Virginia. This statute had expired long before the filing of the bill of complaint on May 8, 1997. Mrs. Feller, the plaintiff, alleges that she was incompetent for a period of time and the statute of limitations should be tolled. Nonetheless, she did not present sufficient evidence to establish that she was incompetent and/or the length of such incompetence. Thus, she does not gain the benefit of tolling the statute of limitations under Va. Code § 8.01-229(A)(1).

Next, plaintiff alleges that the conveyance by her parents of 445 acres of real estate in Amherst County to Marie Hild on July 25, 1990, was obtained by undue influence and fraud. Again, this action is barred by the provisions of § 8.01-243(A) of the Code of Virginia. The deed was placed on record on August 29, 1990. The recording of this deed gives notice to the entire world. Again, the two year statute of limitations had long expired by the time the bill of complaint had been filed. Further, as set forth above, Mrs. Feller has not established that she was incompetent during the period of the running of the statute of limitations nor has she proven how long any such incompetency lasted.

Next, plaintiff seeks a common law accounting from Marie Hild for the period of time from her guardianship appointment until the present. The defendants assert that the plaintiff has no legal standing to request a common law accounting. The Court agrees that the plaintiff lacks standing.

In order for Mrs. Feller to have standing, she must establish that she has some property interest in the assets under the control of Mrs. Hild. *Keepe v. Shell Oil*, 220 Va. 587, 591, 260 S.E.2d 722 (1979). While Mrs. Feller is a child and possible heir of her mother, she does not have a property interest in the assets at this time. In order to have a property interest in the assets she would have to qualify as the executrix or administratrix of her mother's estate, establish that she is a beneficiary under the will of her mother, or establish that she is an heir at law if there is no will. While she is probably an heir at law, this could only be established if there had been a qualification and a list of heirs was filed with the Court. Accordingly, she lacks sufficient standing to raise a common law challenge to the accounting.

Even though Mrs. Feller does not have standing to demand a common law accounting, the accounting is still properly before the Court because the Commissioner of Accounts has rejected the accounting filed by Mrs. Hild. Mrs.

504

Hild, through her counsel, has duly noted her exceptions to the actions of the Commissioner of Accounts. Accordingly, the Court must rule on the sufficiency of the accounting.

I have undertaken a thorough review of the accounting. Upon considering the accounting and the testimony at trial, I find that the monetary figures in the accounting are essentially correct. The only substantial error in the accounting is the failure to account for the items of tangible personal property which Marie Hild withdrew from the auction and kept for herself. I find that the value of these items is $26,500.00. Additionally, I find that she failed to file her accountings in a timely manner and, accordingly, she forfeits her commission under § 26-19 of the Code of Virginia. Because her commission is forfeited, the "total owed to Marie Hild" on page 9 of her revised accounting must be reduced from $31,331.76 to $26,731.76. The value of the personal property items retained by Mrs. Hild, $26,500.00, must be added to the remaining money in the bank accounts, $5,541.05 on page 9 of Revised Accounting. This totals $32,041.00. The difference is $5,309.24 and constitutes the amount for which Mrs. Hild should be surcharged. Accordingly, I am directing that she reimburse the guardianship estate for the amount of $5,309.24. Except for this surcharge, the accounting is otherwise approved.

Because Daisy Malige is now deceased, there is no guardian account into which to pay this money. Consequently, I direct that this money be paid to the Circuit Court Clerk to be held under the control of the Court until further order is made by the Court for the distribution of these funds. I will entertain suggestions from counsel as to how these funds should be distributed.

Mrs. Hild, of course, is ordered to pay any charges by the Commissioner of Accounts of Amherst County.